that, regardless of the denomination of the Code sections violated, appellant was convicted of two entirely different and unrelated crimes. It was not error, therefore, for the trial judge to sentence appellant separately for the two separate crimes.

7. In his final enumeration of error, appellant contends that it was error to present to the jury the indictment as originally returned, which included offenses with which ultimately appellant was not tried. He maintains that this amounted to improperly placing his character in issue, as well as unlawfully publicizing to the community and the jury which tried him, offenses for which he was not required to answer. Appellant did not raise this alleged irregularity at any time during the trial of his case. Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794).

8. Having carefully examined the record of trial in this case, we find no enumerated error to be meritorious or which materially affects the substantial rights of the appellant. Accordingly, the judgment will be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED MARCH 10, 1977.

*Yarbrough & Wiley, J. W. Yarbrough, Davis Paul Wiley,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.

53468. In re HALL.

BELL, Chief Judge.

This is an appeal from the denial of appellant's petition for adoption of a minor. *Held:*

1. There is no merit in the contention that the trial

court prejudged this case prior to hearing the evidence.

2. The evidence authorized the finding that the natural father did not consent to the adoption; and that he had not forfeited his parental rights by abandoning his child. Thus the judgment of the trial court must be affirmed. Code § 74-403 (2).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED FEBRUARY 1, 1977 — DECIDED MARCH 10, 1977.

*Stephen H. Harris,* for appellant.
*Cail & Achord, John B. Achord,* for appellee.

53252. HOME INDEMNITY COMPANY et al. v. BROWN.

MARSHALL, Judge.

This appeal arises from an affirmance by the Superior Court of Floyd County of an award of workmen's compensation by an administrative law judge as approved by the Georgia Board of Workmen's Compensation. The principal problems caused by this appeal result from imprecise findings and conclusions by the administrative law judge and equally imprecise interpretations thereof by the superior court judge upon appeal.

The facts show that Brown came to work for appellant, Central Electric Company, as an electrician in August, 1973, and worked until January, 1974. Brown was seen by a doctor in October, 1973, complaining of back pain and was referred to another doctor who specialized in neck surgery. Brown testified that he had been performing routine labor required of an electrician on behalf of Central Electric but that the twisting, reaching and overhead work required caused him such great pain that he frequently had to stop to let the pain subside. In December, 1973, and January, 1974, Brown told at least his supervisor, his foreman, and the president of Central